BARNEY OLSON v. KARL NONENMACHER.[1]

January 14, 1896.

Nos. 9747—(204).

**Breach of Contract—Damages.**

>   Plaintiff and defendant entered into a contract whereby the former agreed to drill and sink a well for the latter, to his satisfaction, and to furnish all necessary material. Plaintiff was to be paid for the work at the rate of 90 cents per lineal foot, but nothing was to be paid until a sufficient supply of water was obtained, and the well completed. After all of the material had been furnished, and a part of the work done, but before the well was completed, defendant wrongfully drove plaintiff from his premises, and compelled him to abandon the contract. *Held*, that plaintiff was entitled to recover as damages at the rate of 90 cents for each foot actually drilled and sunk, the general rule as to the measure of damages where an employé or contractor has been compelled to abandon the work by the employer or contractee not being applicable under such circumstances.

**Rulings Considered.**

>   Certain assignments of error considered and disposed of.

Appeal by defendant from an order of the district court for Houston county, Whytock, J., denying a motion for a new trial. Affirmed.

*C. N. Enos*, for appellant.

*W. R. Duxbury*, for respondent.

COLLINS, J. The making of the contract between these parties, set out in the complaint, whereby plaintiff agreed to drill and sink a well upon defendant's farm, to procure sufficient water, and to complete the well, including all pipes, valves, curbing, and other necessary material, for which the defendant was to pay 90 cents per lineal foot when the work was finished to his satisfaction, stood admitted by the answer. It was also admitted by the pleadings that a part of the drilling had been done, and more or less of the material furnished; that, while still engaged in drilling, plaintiff met with an accident, whereby a drill, quite a quantity of wire cable, and some hemp rope had been dropped from their connec-

[1] Reported in 65 N. W. 642.

tions with plaintiff's machinery above ground; and that these articles were still in the well hole. The real issue was whether, as alleged by plaintiff, he had been driven from the premises by defendant, and compelled to desist, when he had nearly completed the contract, having procured water, or whether, as claimed by defendant, the plaintiff had ceased work of his own accord, after working some time to raise the articles which had been dropped, and had voluntarily abandoned the contract, uncompleted. Incidental to this issue was one in respect to the number of feet actually drilled. That plaintiff left the well in an unfinished condition was admitted. On the main issue before mentioned, the jury found for plaintiff; and counsel for defendant is forced to admit that there was evidence to support the finding that plaintiff was driven from his client's premises without good reason, and did not abandon the contract voluntarily.

The assignments of error go to some of the rulings of the court on the reception or exclusion of evidence, and also to portions of the charge. We need not take them up in detail, for several are of no importance. The plaintiff was compelled to stop work about the last of July, 1894, leaving his tools and machinery on defendant's premises. The latter refused to allow them to be removed, insisting on a right to hold possession until an asserted claim against plaintiff was paid. The latter was then obliged to bring replevin for his property. Several days afterwards, defendant called upon plaintiff at his residence; and several offers were made by defendant's counsel to show what was then said. One of these offers embraced a proposal to show what plaintiff had told a third party in reference to abandoning the contract, and his reason therefor. The offers were objected to as being too broad, because much was included which was immaterial and irrelevant. The court held that some parts of the proposed evidence would be admissible, as tending to show plaintiff's motives when he left defendant's premises, and as bearing upon the claim made by defendant that, instead of being compelled to desist from work, plaintiff had voluntarily abandoned the contract,—and distinctly informed counsel that such parts of the evidence as cast light upon plaintiff's actions, and tended to disclose his real motives, would be received, but that the offers must be treated as entireties. What plaintiff had told the

third party was subsequently testified to, and in his cross-examination, no objection being made, plaintiff admitted everything which would have been shown had the proposed evidence been received. And a part of what was said appeared in the testimony of one of defendant's witnesses. Even if it could be said that the court ruled with too much strictness on the offers, the defendant could not have been prejudiced.

The court ruled correctly on the measure of damages. The plaintiff was entitled to recover, if he was entitled to recover anything at all, at the agreed rate per foot, for no other rule for the ascertainment of damages could be applied in a case like this. Nor did defendant's counsel suggest any other. The general rule—that, where one engaged in the performance of a contract is wrongfully prevented from completing it, the measure of damages is the difference between the price agreed to be paid for the work and what it would have cost to complete it—could not be used; for it was a matter of speculation whether plaintiff would obtain sufficient water in 10 feet from where he was when stopped, or 100 or 1,000 feet. For this reason, no one could estimate or tell with any certainty what it would cost to complete the work according to the contract. It would have been otherwise if the agreement had been that plaintiff should drill and sink a well of a certain specified depth, for the general rule—which is simply compensation for part performance, and indemnity for loss in respect to the part unexecuted, if loss there be—could have been applied. These observations in respect to the proper rule for the ascertainment of damages under such a contract, adopted from necessity, cover and dispose of the third and eighth assignments of error. Others not herein referred to need no consideration.

Order affirmed.