## LOVELAND et al. v. LOAFMAN.

No. 14249—Opinion Filed Sept. 18, 1923.

### 1. Principal and Agent—Agency—Question for Jury.

The question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence and are to be determined by the jury.

### 2. Trial — Instructions — Refusal Where Covered in Charge.

The refusal of the court to give instructions which properly state the law is not reversible error, if substantially the same proposition of law is stated in other instructions given, and where the charge of the trial court, as a whole, properly states the law.

### 3. Same—Sufficiency of Instructions.

Instructions given by the court examined, and held to have correctly stated the law and covered the evidence introduced.

### 4. Appeal and Error — Questions of Fact —Verdict.

The jury is the exclusive judge of the facts, and where there is competent evidence upon which the verdict is founded, the court will not disturb the verdict so found.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by T. O. Loveland and J. L. Records, copartners, doing business as Brenard Manufacturing Company against D. B. Loafman. From judgment of the district court of Ottawa County, the plaintiffs bring error. Affirmed.

Geo. T. Webster, for plaintiffs in error.

Frank Nesbitt, for defendant in error.

Opinion by RUTH, C. This was an action originally brought in the justice of the peace court in Ottawa county, thence taken to the district court of Ottawa county, and thence brought to this court for review.

The plaintiffs in error, plaintiffs below, sued defendant in error, defendant below, to recover judgment in the sum of $195, and alleged in their bill of particulars that defendant is indebted to them in the said sum for goods, wares, and merchandise sold to defendant, which merchandise consisted of one Golden Throated Claxtonola, and for which the defendant promised to pay the plaintiff in 2, 3, 4, 5, 6 and 7 months after date, said sale being evidenced| by a certain contract and promissory notes. The contract contained, among other things, the following:

"Guarantee of Sales.

"If my sales under this contract do not amount to $195 you agree to either pay me the difference in cash or repurchase this Golden Throated Claxtonola and records if returned to you in good order and you are to send your bond in the sum of $195 to protect me in the conditions of this contract."

The contract further provided that this agency for the sale of these Claxtonolas shall exist for a period of three years. The contract declared upon is of great length and we do not deem it necessary to set forth any more of the contract for the purpose of this opinion.

For answer, the defendant denies generally, and then alleges that the contract set up by the plaintiff is incomplete and at the time of entering into the contract and as part of the same, the plaintiffs in writing agreed as follows:

"We agree to take up the machine and pay said notes in case the machine will not sell on payments of $10 per month, will guarantee to sell for Mr. Loafman one or more instruments by the time the first note falls due. J. L. Swigert. Witness, Ed. Wills."

Defendant then alleges that his sales did not amount to $195 and the plaintiffs did not sell one or more phonographs by the time the first note became due and that he, defendant, performed all the covenants of the contract.

The material part of the plaintiffs' reply is in effect a denial of their agent, Swigert's, authority to make the contract set up by the defendant, wherein it was agreed that the plaintiffs would sell one or more Claxtonolas before the first note became due, and if Swigert did sign it, he did so for his own personal benefit and plaintiffs had no notice thereof.

Upon the issues joined, the cause was tried to a jury and a verdict having been returned for the defendant, the plaintiffs bring this cause here for review upon the record and all the evidence. The paramount question to be determined by this court is, What was the scope of Swigert's agency? The evidence of the case consists of the oral testimony of the defendant, Loafman, and the deposition of Loveland, one of the plaintiffs. We have carefully read all of the evidence and the evidence discloses that Swigert had known the defendant for about five years and had frequently sold him goods, and Loafman had been acquainted with Swigert and knew that for the last six months, Swigert was selling these Claxtonolas in and about Ottawa county and setting them up, collecting the money for them, and handling the

plaintiffs' literature with reference to these instruments. The evidence also shows that Swigert signed the printed form contract and signed his name above the word "salesman" and at the same time, and as a part of the inducement for the defendant to sign the printed form, Swigert wrote an addition to the contract, in duplicate, wherein it was agreed that the plaintiffs would sell one of the phonographs before the first note became due and Swigert signed his name exactly as he did on the printed form, with the exception that the word "salesman" did not appear there. All the transaction was had between Swigert and the defendant, Loafman, and Swigert left a carbon copy of the addition to the contract with the defendant and the only reason for not incorporating the addition to the contract on the printed form was that there was no room on the printed form for the same. Swigert then advised the defendant he would send in all papers for confirmation and in due time defendant received a confirmatory letter, in which the plaintiffs say:

"We are in receipt of your order, etc."— and further:

"We are enclosing herewith a copy of the order blank and six notes, etc., for your convenience and for any other information you may need from the order blank itself."

Plaintiff Loveland deposes that Swigert had no authority outside of signing the printed form. The evidence shows that the machine was delivered, Swigert assisted in setting it up, that the defendant had a copy of the order blank, copy of the notes and the carbon copy of the addition to the printed form contract in his possession, all of which were introduced in evidence.

This comprised all of the material testimony on the question of agency and we are not prepared to say the verdict of the jury was not sustained by sufficient evidence.

The question of agency and the extent and scope of the agent's authority are to be determined by the jury, as other facts from the evidence.

"One who leads an innocent party to rely on the appearance of another's authority to act for him will not be heard to deny the agency to the party's prejudice." U. S. Fid. & G. Co. v. Shirk, 20 Okla. 576, 95 Pac. 218.

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury." Minn. Thresh. Mach. Co. v. Humphrey, 27 Okla. 694, 117 Pac. 203; Midland Savings & Loan Co. v. Sutton, 30 Okla. 448, 120 Pac. 1007; Iowa Dairy Sep. Co. v. Sanders, 40 Okla. 656, 140 Pac. 406; Central Mtge. Co. v. Mich. S. L. Co., 43 Okla. 33. 143

Pac. 175; Emerson Brant. Imp. Co. v. Ritter, 69 Okla. 95, 170 Pac. 482; Mass. B. & I. Co. v. Vance, 74 Oklahoma, 180 Pac. 693.

Swigert had been for six months known as agent for the plaintiffs, taking orders, setting up these phonographs, collecting the money and handling literature, and acting generally, so far as the public could ascertain, as plaintiffs' agent, and so acting and being so known to the defendant, he entered into these contracts with the defendant ostensibly on behalf of his principal, the plaintiffs in this case, and the plaintiffs, in sending back to the defendant an order blank, do not in any way intimate that it comprises the whole contract, nor do they use the words "we are returning you a copy of your contract," but simply says: "We are returning you a copy of your order blank for your convenience, etc.," and defendant was not put on notice that plaintiffs considered the printed form the complete contract. Under all the circumstances thereof, it became a question of fact for the jury under all the evidence to determine whether or not Swigert was a general agent, and this court has held:

"Where an agent is held out to the world as one having the authority of a general agent, any private instructions or limitations upon his authority in a particular case not communicated or known to those dealing with such agent, will not relieve the principal from liability incurred, where the agent oversteps such limitations." National Surety Co. v. Miozrany, 53 Okla. 322, 156 Pac. 651.

The latest expression of this court will be found in Muskogee Refining Company v. Waters-Pierce Oil Co. et al., decided May 15, 1923, 89 Okla. 279, 215 Pac. 766, as follows:

"A principal is bound by the apparent, as well as by the actual or express, authority given its general agent, where third persons have in good faith acted and relied thereon."

The second assignment of error is the failure of the court to give plaintiffs' requested instructions 1, 2, 3, 4, 5, and 6, and in the court giving instructions 1, 2, 3, 4, and 5, yet in the brief plaintiffs discuss no instruction but No. 5 given by the court and under the ruling of this court objections to all instructions but No. 5 shall be considered as abandoned, and after carefully considering instruction No. 5, taken in connection with all instructions given by the court, we find the same states the law applicable to the facts and is supported by a long line of authorities and in consonance with the rules laid down by this court, and no error appears by the giving thereof. The instruction complained of is as follows:

"You are instructed that you should find the issues in this case in favor of the plaintiff and against the defendant and fix the amount of the plaintiffs' recovery in the sum of $195 with interest thereon at the rate of six per cent. per annum from the date of the filing of this suit, with interest at six per cent. per annum from the date of the maturity of each of the notes sued upon, unless you find and believe from the evidence in this case that it was contracted and agreed by and between the plaintiffs and the defendant that if the defendant failed to sell the machine or phonograph purchased by the defendant from the plaintiffs, and for which the notes were given in payment, on terms of $10 per month, before the first note matured, and that the defendant did fail to sell the machine after complying with the terms of his contract, and thereafter offered to return the machine to the plaintiffs, in which event your verdict should be in favor of the defendant and against the plaintiffs."

We feel this clearly states the law under the issues and evidence and no error was committed in so instructing the jury.

While there was conflicting evidence as to the scope of the agent's authority, this court will not weigh conflicting evidence, holding that:

"Where the instructions of the court fairly submit the issues of fact to the jury and there is testimony reasonably tending to support the verdict and judgment, the judgment will not be disturbed upon appeal." Sovereign Camp W. O. W. v. Chaffer, 92 Okla. 41, 217 Pac. 353; Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Snouffer v. First Natl. Bank of Medford, 86 Okla. 190, 207 Pac. 452.

For the reasons herein stated, the judgment of the court below should be affirmed.

By the Court: It is so ordered.