## MITCHELL v. McCOLLISTER.

No. 12496—Opinion Filed Nov. 13, 1923.

**1. Evidence—Opinion Evidence—Ownership of Property.**

Ownership of personal property is ordinarily a simple fact to which a witness having the requisite knowledge can testify directly; and in an action of replevin, a question as to who is the owner of the property involved where such question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, is admissible.

**2. Principal and Agent—Proof of Agency by Agent.**

Agency and the extent of authority may be involved by the testimony, though not by the declarations of the agent.

**3. Trial—Demurrer to Evidence—When not Sustained.**

Where there is competent evidence tending to establish each fact necessary to support the plaintiff's cause of atcion, it is error to sustain a demurrer to such evidence.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Joseph D. Mitchell against Ira A. McCollister. Judgment for defendant. Plaintiff brings error. Reversed.

H. W. Conyers, for plaintiff in error.

Grinstead & Scott, for defendant in error.

Opinion by DICKSON, C. This is an action in replevin commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, filed for the purpose of recovering possession of certain furniture and fixtures specifically described in the plaintiff's petition.

An affidavit in replevin was made and a replevin bond was approved and filed, and the writ issued. The defendant executed a redelivery bond and retained possession of the property. The pleadings were in the ordinary form.

The case was tried on the 23rd day of March, 1921, and at the close of the plaintiff's case the court sustained a demurrer to the evidence and entered judgment for the defendant for costs. Motion for a new trial was filed and overruled, and the plaintiff has appealed to this court, and assigns the following errors:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) Said court erred in refusing to allow plaintiff in error to introduce competent evidence, and duly excepted to by plaintiff.

"(3) Said court erred in sustaining the defendant in error's demurrer to the plaintiff in error's evidence and giving judgment to the defendant in error against the plaintiff in error for costs, over the objections of the plaintiff and duly excepted to by him.

"(4) Said court erred in sustaining the demurrer of the defendant in error to the plaintiff in error's evidence and in not permitting the case to go to the jury, over the objections and exceptions of the plaintiff."

We have examined the defendant's brief and the record in this case and are constrained to agree with the plaintiff, that each of the errors assigned are well taken.

On the trial, the plaintiff testified that he purchased the personal property involved in this suit, the latter part of January, 1921, from one F. M. Roberts, as agent of the Foraker Building & Investment Company, and that he took possession of said property on the 3rd day of February, 1921, and retained such possession until the 15th day of May of the same year. That on the 15th day of May, 1921, the defendant wrong-

fully and without his consent entered the plaintiff's building in which the property involved was located and took possession. The witness further testified that he knew the value of said property and that the several items were of the value set out in the petition.

The deposition of F. M. Roberts was offered on the part of the plaintiff, and the said F. M Roberts testified, in substance, that he represented the Foraker Building & Investment Company in the sale of the personal property mentioned in the plaintiff's petition, and sold the same to the plaintiff, together with some real estate in the town of Foraker, in the latter part of January, 1921; that he was authorized by said company to make said sale.

Plaintiff proved by other witnesses that in the absence of the plaintiff, the defendant went into plaintiff's building and removed therefrom the property involved in this suit.

The court ruled out the testimony of the witness F. M. Roberts upon the grounds that such witness was not competent to testify that he was the agent of the Foraker Building & Investment Company in this sale. This was error:

"Agency and the extent of authority may be proven by the testimony though not by the declaration of the agent." Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709; 31 Cyc. 165 (b).

Besides, the testimony of the plaintiff alone was ample to take this case to the jury. Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127.

For the reasons stated, the judgment of the court below should be reversed, and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.