**HOLIDAY OIL CO. et al. v. SMITH et al.**

No. 13118—Opinion Filed April 1, 1924.

Rehearing Denied June 3, 1924.

Second Rehearing Denied Sept. 16, 1924.

**1. Appeal and Error—Review—Sufficiency of Evidence.**

In an action at law, the judgment of the trial court should be sustained if there is competent evidence which reasonably tends to support it, though based on conflicting testimony; and, in an action of equitable nature, the findings and judgment of the trial court will not be disturbed if the evidence reasonably tends to support the same, and they are not against the clear weight of evidence.

**2. Work and Labor—Recovery Where Completion Prevented by Employer.**

Where a party to a contract was wrongfully prevented by the other from entirely performing his part of the contract, the party prevented from performing will be entitled to recover the value of the services performed by him.

**3. Same—Breach of Drilling Contract.**

Where the contract price for drilling an oil and gas well was $2.25 per foot and the party drilling the well was wrongfully prevented by the other party to the contract from completing the well, and the contract contained a provision whereby it was agreed that the contractor was to receive $90 per day for 24 hours and $45 per day for 12 hours, the contractor is entitled to recover for the number of feet drilled at the agreed price and to recover for all day work necessarily performed in furtherance of the drilling contract at the rate provided for in the contract.

**4. Contracts—Presumption of Ability to Perform—Recovery for Breach.**

Where one party to an oil and gas drilling contract becomes involved in difficulties not occasioned by his own fault, the other party may not assume that he will be unable to complete his contract and deprive him of the right to do so and prevent him from recovering for the value of service performed under the terms of the contract.

**5. Costs—Attorney's Fee in Foreclosure of Liens—Hearing.**

Section 7482, Comp. Stat. 1921, authorizing the recovery of a reasonable attorney's fee by the prevailing party, in action brought to establish a statutory lien, and that same be fixed by the court and taxed as cost in the action, does not authorize the court to render judgment for the prevailing party for an attorney's fee without a hearing on the question, and the taking of some evidence, to determine what is a reasonable fee in the given case.

**6. Same—Reversal.**

The record in this case examined, and the evidence held sufficient to sustain the judgment of the trial court in every particular, except as to its judgment for an attorney's fee, in which particular no evidence was offered.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by P. C. Smith and W. A. Seidler, partners, against the Holiday Oil Company and another. Judgment for plaintiffs, and

defendants bring error. Affirmed as to principal judgment and reversed as to attorney's fee.

J. E. Bennett, for plaintiffs in error.

A. L. Emery, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Okmulgee county, Okla., by the appellees, plaintiffs in the lower court, against appellants, defendants in the lower court, to recover the sum of $9,203.40 and attorneys' fee, and cost, and for the foreclosure of a mechanic's lien claim. The facts as disclosed by the record show that on the 1st day of June, 1920, the Black Petroleum Corporation and the Holiday Oil Company, appellants herein, jointly executed a contract with the firm of Smith & Seidler, appellees, for the drilling of an oil and gas well on certain property in Okmulgee county belonging to appellants. The contract provided that the appellees were to receive the sum of $2.25 per foot, for drilling said well to a depth not to exceed 3,000 feet, if so desired by appellants, unless oil and gas or either was found in paying quantities at a lesser depth. The appellants were to furnish fuel, water, and all necessary casing at the location, with which to drill and case said well free of cost to the appellees. The contract contains the following provisions:

"Party of the first part agrees to pay $90 per day for each 24 hours, or $45 per day for each 12 hours for all day work on said well."

This statement of, and the quotation from, the contract are the material parts thereof so far as the issues herein are concerned.

The location was made and the drilling begun according to the terms of the contract and the well drilled to a depth of about 2,160 feet at which point it was deemed necessary to set the casing, and the appellants furnished to the appellees at the location a sufficient amount of eight and one-quarter inch, 24 pound casing; and while there is some conflict in the evidence at this point, it is evident that some objections were made by the appellees to the use of that character of casing. The appellees contend that they objected to using the casing for the reason that it was too light, not having sufficient strength to withstand the pressure that might be expected, that it would. be necessarily subjected to, but notwithstanding their objections, appellants directed them to use the casing. The evidence discloses that about 100 feet of 28 pound casing was used at the bottom of the hole, leaving approximately 2,100 feet of lighter casing. Some ten or twelve days after the casing was set and after appellees had

proceeded with the drilling of the well, while coming out of the hole with the tools, the line or cable broke and the tools were lost in the hole, which resulted in a fishing job that lasted for a period of about 94 days, a portion of which time the appellees were assisted by an expert oil well fisherman employed by the appellants. The tools were recovered and the hole cleaned out and drilling resumed in the early part of December, 1920. The appellees contend that some portion of the tools lost in the hole were not recovered, and that soon after they resumed drilling the tools were caught by the iron which remained in the hole, and in attempting to draw the tools out, the line was again broken and another fishing job encountered, which they diligently pursued until about December 31st, at which time the appellees were discharged by the appellants by written notice, wherein they were ordered to remove their machinery and tools from the property of the lease within four days, which the appellees did, and thereafter instituted this suit, and allege that they were entitled to recover $2.25 per foot for 2,210 feet of hole and $45 per day for 94 days work, consumed in fishing, cleaning the hole, and pulling casing, aggregating the sum of $9,203.40. They also filed their lien as required by law for the services rendered, and allege in their petition that the trouble complained of was the result of, and caused by a collapse of the casing, for which the appellants were liable.

The defendants in their answer deny that they have breached the contract and deny there were any defects in the casing, and aver that it is of the same kind and character as was customarily used in that locality in wells of the character of which they were drilling, and that the injuries in the casing were the result of the appellees dropping their tools in the well, which fell with such force against the casing as to burst or split same.

The matter was tried to the court, without the intervention of a jury, on the 29th day of July, 1921, and resulted in a judgment for the plaintiffs below, appellees herein, for $8,005, with interest from date of judgment at 6 per cent. per annum, and for the sum of $800 as attorney's fee, and $46.50 cost, to which the appellants duly excepted and appealed.

Appellants set forth numerous specifications of error, but the principal contention urged is, that the judgment of the court was not sustained by the evidence. The appellants contend that this is an equitable proceeding arising out of the foreclosure of a mechanic's lien, and therefore should

be governed by equitable rules, while the appellees contend that it is a law-suit based upon a contract and for the recovery of money as provided under section 532, Comp. Stat. 1921, which reads as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

They also cite the case of Stevens v. Oklahoma Auto Co. et al., 78 Okla. 126, 180 Pac. 1075, wherein the court held, under section 4993, Rev. Laws 1910, being sec. 532, Comp. Stat. 1921:

"An action for the recovery of money is triable to a jury."

And R. C. L., vol. 10, page 357, art. 101, announces the following rule:

"Generally speaking, a court of law is competent to afford an adequate remedy to either party, for a breach of a contract by the other, from whatever cause it may have proceeded by an action for damages; and whenever this is the case, a resort to a court of equity is improper. * * *"

This case is peculiar in some respects and contains equitable elements as well as legal. So far as the foreclosure of the mechanic's lien is concerned that would be an equitable proceeding, but the suit to recover for services performed and the question as to the breach of the contract would constitute an action at law, and would involve questions of fact which would entitle either party to the controversy to a jury trial if so desired, so we are inclined to the opinion that this should be denominated an action at law and not a suit in equity, the foreclosure of the lien being merely incidental to the real issue, however, this phase of the case is not very material as we view it.

The appellants contend that the contract was an indivisible agreement for the doing of a specific act, namely: the completion of a well to the depth of 3,000 feet if required by the operator or to producing sand if encountered at a lesser depth; that an essential term of said agreement necessary to be performed by the contractor was that he possess and would exercise the necessary skill to complete said well, and that the evidence disclosed a failure to complete same was due to the dropping of the tools, which was the result of appellees' own negligence and lack of skill, and that the appellants received no benefit by reason of their services, and are in no wise liable in any sum, and cite authorities in support of this contention, which would be a correct solution of this controversy if, in fact, the dropping of the tools and the resulting complications was caused by the negligence and lack of skill on the part of the contractors, appellees herein, but this is a question of fact and was determined adversely to the contention of the appellants by the trial court before whom the case was tried.

The fact to be determined was whether the casing collapsed by reason of some infirmity which prevented the contractor from drawing the tools, and resulted in the breaking of his line, or whether by the unskillfull handling of the machinery, and by reason of some defect in the line, the tools were dropped which resulted in bursting or splitting the casing, and produced the trouble encountered. Testimony as a rule concerning facts of this character, as to what has happened and the cause which produced the trouble, taking place 2,000 feet beneath the surface, in an oil well, is unsatisfactory and never conclusive, and consequently courts are forced to draw their conclusions as best they can from the evidence obtainable. In this case a number of the witnesses were those who were in charge of the well, and while they are in the position of being interested, they are also in a better position to know what occurred and what caused it than those-who were not present and who are familiar with handling tools and operating same in an oil well. A number of witnesses, who posed as experts, men experienced in oil field operations in the locality in which this controversy arose, testified to the effect that it was not safe to set a string of casing of the length of the string used in this well consisting of eight and one-quarter inch, 24 pound casing. They all testified that not more than 1,500 feet of such casing should be used and that where a greater length was used there was danger of the casing collapsing. The casing, from the evidence disclosed by the record, evidently did collapse and if this be true, the appellants, whose duty it was to furnish proper and necessary casing, would be responsible for the injurious results therefrom, and if by reason of the failure of the appellants to properly perform their part of the contract, it became impossible for the appellees, the contractors, to complete the well, or if while making diligent effort to complete same they were ordered to stop operation, and remove their tools and machinery from the location, in either event the appellants would be liable for the services rendered by appellees.

The appellees cite the case of Elwood Oil & Gas Co. v. McCoy, 72 Okla. 97, 179

Pac. 2, wherein the court said:

"It would be a manifest injustice to permit defendant to wrongfully breach its contract, prevent performance, and then urge the contract was entire and inseverable, and claim that because plaintiffs did not complete the contract they should not recover the value of the services performed by them in good faith in an honest effort to carry out the contract. It does not lie in the mouth of the defendant under these circumstances to say that the contract had not been completed. Nor does the fact that defendant did not use the well alter the situation."

The McCoy Case is similar in its nature to the case at bar, and we think the rule announced is controlling in this case. The appellees contend that the decision and judgment of the trial court should not be disturbed by this court, and cite cases announcing the rule in both actions at law and suits in equity, but as heretofore stated this question is not of vital importance in this case, for we think regardless of which rule is applied the judgment of the court should not be disturbed. In the case of Henderson v. Mainard, 84 Okla. 244, 200 Pac. 441, the court held:

"In an action at law, the judgment of the trial court should be sustained if there is competent evidence, which reasonably tends to support it, though based on conflicting testimony; and, in an action of equitable nature, the findings and judgment of the trial court will not be disturbed if the evidence reasonably tends to support the same, and are not against the clear weight of evidence."

And applying either rule the evidence is amply sufficient to sustain the judgment in every particular, except as to the attorney's fee for $800.

Appellants in their brief call attention to the fact that no evidence was offered as to what would constitute a reasonable attorney's fee in this case, and contend that the judgment should be reversed for that reason, and cite the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, wherein the court said:

"Where an action is brought upon a promissory note for the foreclosure of a lien upon collateral given to secure the payment of said note, an attorney's fee, under section 3877, Rev. Laws 1910 (being section 7482, Comp. Stat. 1921), may be awarded the successful party in the action and taxed as cost, but the trial court is without authority to award such attorney's fee without evidence as to value of such attorneys fee."

This rule has been recently followed by this court in Holmes v. Kress & Co., 100 Okla. 131, 223 Pac. 615.

Appellants also make some reference to the meaning and effect of the provision of the contract heretofore quoted as follows:

"Party of the first part agrees to pay $90 per day for each 24 hours or $45 dollars per day for each 12 hours, for all day work on said well."

This provision may not be as definite as it might be and might not be understood by persons unfamiliar with such provisions and as used by the oil drilling fraternities. Some evidence was offered on this point, and it is clear that it refers to work done by the contractor when not making hole, in the language of the oil fraternities, in other words not drilling, but performing some service necessary to further drilling, or when delayed and prevented from drilling by reason of some fault of the owners of the property. The contract provides in this instance that he is to receive $2.25 per foot for drilling and the provision referred to is for the purpose of taking care of the time utilized in setting the casing, fishing, and for delay time caused by the fault of the other party to the contract.

It seems that the appellees have heretofore filed a motion asking leave of this court to file a cross-petition in error wherein they complain of the amount of judgment rendered by the court. The evidence is not conclusive as to the judgment in this particular, but we think it is reasonably supported by the evidence, and therefore refuse to reconsider the former ruling of this court denying the petition.

Appellees in their brief, also, ask that judgment be rendered by this court on the supersedeas bond, wherefore, we recommend that the judgment of the trial court be affirmed in every particular except as to the attorneys' fee for $800, in which particular the judgment is reversed, and we hereby render judgment against the principals and Harvey Heller and E. R. Blake, sureties on the supersedeas bond as it appears in the record, for the sum of $8,005, with interest from date of judgment in the lower court at 6 per cent. per annum, and for the further sum of $46.50 cost.

By the Court: It is so ordered.