## SHELBY MILLS v. NELMS.

No. 15865—Opinion Filed Nov. 10, 1925.

1. **Appeal and Error—Questions of Fact—Verdict Conclusive.**

Where the evidence in a case is conflicting, and the case is submitted to a jury under proper instructions, the verdict of the jury will not be disturbed on appeal, if there is any evidence to support it.

2. **Same—Verdict Sustained.**

Record examined, and held, that there was ample evidence to support the verdict of the jury.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Shelby Mills, a corporation, against J. T. Nelms. Judgment for defendant, and plaintiff appeals. Affirmed.

H. A. Smith, for plaintiff in error.

J. A. Diffendaffer, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appeared in the court below. The plaintiff sued defendant for a balance due on certain goods alleged to have been furnished by the plaintiff to the defendant at his special instance and request. The defendant admits ordering the goods

and receiving a part of them, but alleges that the goods received by him were not of the quality and kind that he ordered, and were not such goods as he could handle in his trade, and that he returned the same to the plaintiff, and plaintiff received and accepted the same, As to the other items sued for, the defendant claims that before said goods were shipped he countermanded the order for same and that plaintiff knew when it shipped them that the order had been canceled and countermanded and that he would not receive same; that when said goods arrived, the defendant refused to receive them, and after they had remained in the depot for several days, the goods were returned to the plaintiff by the railroad company and by the plaintiff sold to other parties. The plaintiff denies that defendant ever countermanded the order, and alleges that plaintiff was notified by the railroad that if defendant did not receive them, the railroad company would sell the goods for freight, and that it, the plaintiff, ordered the goods shipped to it at Memphis, Tenn., and that it sold the goods at the best possible price, and after deducting the freight, gave defendant credit for the balance received from the sale of said goods. The plaintiff further contends that said goods were in accordance with the order of the defendant in every respect, and that defendant was justly indebted to it for the value of said goods, less the amount received from the sale of them when they were returned, and sues for that amount.

The evidence in the case is very conflicting and unsatisfactory, but the case was tried to a jury and the jury returned a verdict for the defendant. The case is one of those peculiarly a jury case, and under the rule adopted by this court, in an unbroken line of decisions, to the effect that where the evidence is conflicting, the verdict of the jury will not be disturbed by the Supreme Court if there is any testimony to sustain it. The jury heard the testimony in this case and the instructions of the court fairly presented the law of the case, and under the rule above announced the verdict will not be disturbed, if there is any evidence to support it.

We have carefully read the entire testimony, and we cannot say that there is no evidence to support the verdict of the jury. The evidence is very conflicting, and to our mind unsatisfactory, but the case having been fairly submitted to the jury, the verdict of the jury must stand, and the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. 79.