## KNUPP v. HUBBARD.

No. 17298. Opinion Filed Jan. 17, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

1. **Principal and Agent—Agency as Question for Jury.**

Agency, when made an issue, is a question of fact to be determined, in proper cases, by the jury, from all the facts and circumstances in evidence.

2. **Evidence—Pleading—Answer in Former Case as Admission—Question of Fact as to Allegations in Answer and Denial or Explanation in Later Case.**

Admissions or allegations made by a defendant in an answer filed in a case which was dismissed for want of prosecution, are admissible as against interest in a subsequent action between the same parties involving the same issues, but are not conclusive, and are subject to be denied or explained by the defendant, and the question raised between the allegations in the first cause and the denial or explanation in the latter cause is a question of fact for the jury.

3. **Limitation of Actions—Period of Defendant's Absence from State to Be Subtracted from Period of Limitation Though He Owned Property in State.**

Under the provisions of section 188, C. O. S. 1921, where it is stipulated in an action that the defendant has been absent from the state one-fourth of the period of time between the accrual of a cause of action and filing of suit thereon, such period of absence should be deducted from the period of limitation as fixed by statute in determining whether the cause is barred, and the fact that defendant had property within the state does not affect the suspension of the statute during his absence.

4. **Appeal and Error—Verdict Supported by Evidence not Disturbed.**

Where there is competent evidence reasonably tending to support the verdict of the jury, and the instructions of the court to the jury fairly state the law arising upon the issues raised by the pleadings and the evidence, the judgment rendered upon the verdict will not be disturbed.

5. **Same—Judgment for Driller of Oil Well for Damages for Breach of Contract by Owner Sustained.**

Record examined; held, that there is competent evidence reasonably tending to support the verdict; that the instructions fairly

state the law upon the issues raised, and that the judgment herein should be affirmed.

Commissioners' Opinion. Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by C. H. Hubbard against W. J. Knupp, to recover damages arising under oral contract to drill an oil and gas well. Judgment for plaintiff, and defendant appeals. Affirmed.

H. H. Montgomery and M. D. Kirk, for plaintiff in error.

McGuire, Marshall & Bodovitz, for defendant in error.

LEACH, C. C. H. Hubbard, as plaintiff, sued W. J. Knupp, as defendant, in the district court of Osage county, and alleged in his petition, in substance, that the parties entered into a verbal contract, defendant acting by and through his agent and employee, one McKinley, wherein it was agreed that plaintiff should drill an oil well for the defendant for a consideration of $2.50 per foot to the Mississippi lime, and $6 per foot thereafter; $50 per day of 12 hours for cleaning out, reaming, mudding, plugging, and waiting on material, fuel and water; the defendant to furnish rig, fuel and water. Pursuant to contract plaintiff drilled the well to a depth of 650 feet; that thereafter, continuously, and at divers times, the defendant failed, refused and neglected to supply gas and fuel in sufficient quantities for the proper running of the drilling machinery; that since November 14, 1920, defendant has failed to furnish any gas for drilling; that by reason of the failure of the defendant to furnish sufficient fuel, the work was greatly delayed; plaintiff was unable to keep the well free and clear from cavings; was unable to extricate certain of his tools of the value of $2,335 from the well, and lost the same; that in a diligent effort to save the tools which had become buried by cavings, and in order to minimize the loss, plaintiff expended the reasonable sum for shooting the well and rent of special appliances and fishing tools, the sum of $1,165; that plaintiff devoted 108 24-hour days in endeavoring to clean out the well, drill the same, recover his tools and in waiting on fuel, which time was of the reasonable value and agreed price of $100 per 24-hour day; that by reason of the breach of contract by defendant, plaintiff was damaged in the aggregate sum of $15,825, and prayed judgment therefor.

After demurrer, which was overruled, the defendant answered, alleging that he maintained an office and place of business, and owned and held property within the state of Oklahoma; that personal service of summons could have been made on him within the state; that the alleged cause of action did not accrue within three years next prior to the commencement of suit; specifically denied that he personally or through agent entered into the alleged contract; denied generally and specifically the allegations of plaintiff's petition, and alleged that he, acting solely for and on behalf of Knupp Oil Corporation, agreed with the owner of the lease on the lands described to drill a well on such lands for an undivided one-half interest in the oil lease; that such corporation by and through its agent, one McKinley, agreed with one Zock, who was agent of the owner of the lease, also agent of the plaintiff, that the corporation would pay for drilling the price per foot alleged in plaintiff's petition, $50 per day for running casing and cleaning well after it was shot, and no other sums; that the plaintiff moved on to the lease and began drilling without the knowledge of defendant or the corporation; that it was the custom of the field and contractors, and so understood and agreed by plaintiff, that the contractor should receive nothing for the drilling unless he drilled the well to the depth agreed; further alleged that he, defendant, was agent of and acting for the Knupp Oil Corporation, and that plaintiff was so informed at all times; that if plaintiff has any right of action it is against the corporation.

A reply was filed to the answer, and upon a trial of the issues a verdict and judgment was rendered in favor of plaintiff for the sum of $10,010, and defendant brings the cause here for review.

The parties will be referred to as they appeared in the trial court.

Numerous assignments of error are set forth in petition in error, which are argued and disposed of under five propositions.

The first proposition is: "The evidence is insufficient to warrant a verdict in favor of the plaintiff." While applicable to the entire evidence and case, the argument presented is limited to the contention of defendant that there was no evidence of probative value which proves that a contract was made as alleged, and therefore the court should have sustained defendant's motion for a directed verdict.

Plaintiff, on cross-examination, testified that one G. R. McKinley, the party with whom he contracted, informed him at the

time the agreement was made that the work was to be done for the defendant, Knupp, to which evidence defendant says the declarations of an agent are not competent, and calls attention to the doctrine announced in Whitcomb v. Oiler, 41 Okla. 331, 137 Pac. 709; Mitchell v. McCaulister, 93 Okla. 203, 220 Pac. 631; Citizens Bank of Gans v. Mabray, 90 Okla. 63, 215 Pac. 1067.

It was said in the last above case:

"While it is the general rule that the declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, not withstanding the rule, it has many well-established exceptions, and one of the well-recognized exceptions to the rule is that when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as a part of the res gestae where made at the time of the transaction in question."

"An implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction." Mounts v. Boardman Co., 79 Okla. 90, 191 Pac. 362.

See, also, Holmes v. Halstid, 76 Okla. 31, 183 Pac. 969; Loveland v. Loafman, 92 Okla. 133, 218 Pac. 851.

The defendant in a prior action involving the same parties and issues as the case at bar, which prior action was dismissed for want of prosecution, filed an answer therein, verified by his counsel, in which it was admitted and alleged that the said G. R. McKinley was the agent of the defendant, Knupp, respecting the drilling of the well in question. The attorney who prepared and filed the answer in the former action testified that he prepared such answer without full knowledge of the facts, under an erroneous impression and without the advice or knowledge of the defendant, and now asserts such answer and admission was without probative value in this cause, and cites decisions from other jurisdictions holding, in substance, under the facts in those cases, that admissions in pleadings which are subsequently superseded, amended or abandoned, when not shown to have been made with the knowledge or authority of the party, were inadmissible, but from an examination of those cases, and in view of the holdings of this court, we cannot agree with defendant's contention. The Territorial Supreme Court, in the case of Lane v. C., O. & G. Ry. Co., 19 Okla. 328, 91 Pac. 883, speaking through Justice Burford, in the body of the opinion, said:

"The weight of authority and better-reasoned cases support the rule that a pleading, or an admission or allegation in a pleading, notwithstanding it may have been withdrawn, stricken out, or superseded by an amended pleading, is competent in evidence, and may be introduced against the party from whom it proceeded, like any other admission or declaration, subject, however, to explanation by the party who made it."

"Matters of defense set up in an answer which has been superseded by an amended answer, complete within itself, and which does not make the original answer a part thereof, by reference or otherwise, are not conclusive upon the defendant, but may be introduced in evidence as admissions against interest, subject to be denied or explained by the defendant, and the question raised between the allegations in the original answer and the testimony denying or explaining such allegations is a question of fact for the jury." Republic Nat. Bank of St. Louis v. First State Bank of Oilton, 110 Okla. 299, 237 Pac. 578.

See, also, Letcher v. Maloney, 70 Okla. 65, 172 Pac. 972.

Under the evidence and facts in the particular case, we conclude the admissions and allegations of the answer in the former case were properly admitted in evidence, which, together with the explanation by defendant and his counsel, together with all the facts and circumstances connected therewith, to be a question of fact for the jury, they to consider its weight and value.

Following a conference between the parties, including the alleged agent, McKinley, respecting the shortage of gas and drilling of the well in question, the same attorney for the defendant wrote the plaintiff, stating in part, as follows:

"After having had an opportunity yesterday evening of going into the matter of the controversy arising over the drilling of the well No. 1 * * * in Osage county, in which our client, Mr. W. J. Knupp, the Pawhuska Oil & Gas Company, and you are all interested, we desire to write you this brief letter concerning the well," etc.

—and further therein stated the position of his client.

What has been said heretofore respecting the answer filed in the prior action we consider applicable to the letter in question, and its value and weight a question for the jury.

The testimony of the witness Zock, together with other facts and circumstances,

we consider competent, and of some value and tending to establish the alleged contract. Defendant's evidence was largely in direct conflict with that of plaintiff. Considering the evidence as a whole, we think it of such a character and sufficiency as to warrant the court in submitting the question of the making of the alleged contract to the jury.

Defendant's second proposition is that the action was barred by limitation. The defendant was asked: "Where do you live?" and replied: "Well, I live at Warren, Pa., and mostly at Bartlesville." It was stipulated between the parties that the defendant was within the state three-fourths of the time and without one-fourth between the accrual of right of action and filing of suit. It is argued by defendant, without support of authorities, that since more than three years elapsed prior to suit, the action is barred; that the fact that constructive service could have been had by attachment against property of the defendant within the state is a factor in determining the limitation. Section 188, C. O S. 1921, reads:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and, if after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

The Supreme Court of Kansas, which state has a statute similar to the above, held in the case of Lain v. National Bank of Metropolis, 6 Kan. 74, that where a debtor, citizen and resident of the state was absent from the state, the time of such absence should be so excluded in computing the period of limitation. See, also, Conlon v. Lamphier, 37 Kan. 431, 15 Pac. 600; Stanley v. Stanley, 47 Ohio, 225, 24 N. E. 493; Anthes v. Anthes, 21 Idaho, 305, 121 Pac. 553; Keith O'Brien Co. v. Snyder, 51 Utah, 227, 169 Pac. 954; Foster v. Butler, 164 Cal. 623, 130 Pac. 6.

"The fact that a nonresident has property in the state will not affect the suspension of the statute of limitations during his nonresidence." Denney v. Sayward, 10 Wash. 422, 39 Pac. 119.

This court, in the case of St. Louis & S. F. R. Co. v. Taliaferro, 67 Okla. 37, 168 Pac. 788, said:

"The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corporation is not 'out of the state' within the meaning of the section."

In view of the record, our statute, and the decisions cited, apparently the action was not barred.

Defendant's third proposition:

"Even if it be held defendant was a party to the contract, he was not an insurer of plaintiff's tools or his ability to complete the well"

—and fourth:

"The evidence was insufficient to prove that the damages were the direct and proximate result of failure to furnish gas; that the verdict is based upon conjecture or guess"

—will be considered together.

It is said by defendant:

"Undoubtedly the tools were lost by reason of the dirt caving in upon them, and it is difficult to say how the matter of fuel would contribute to the frequency of the cavings."

Want of fuel would not likely affect the cavings except possibly it would necessitate leaving the hole unprotected for a longer period of time, but it was testified that by keeping the tools in motion, they could more likely be extricated from the cave, and the well cleaned out and completed.

The tools were extricated one time, and it was testified that they were one-half out of the hole when the gas went off the last time. The question whether the loss of the well and tools was caused by failure to furnish fuel, or whether by unskillful handling, is a difficult one. We think the following statement of this court in the case of Holliday Oil Co. v. Smith, 100 Okla. 172, 228 Pac. 775, in the body of the opinion, applicable here:

"Testimony, as a rule, concerning facts of this character, as to what has happened, and the cause which produced the trouble, taking place 2,000 feet beneath the surface in an oil well, is unsatisfactory and never conclusive, and consequently courts are forced to draw their conclusions as best they can from the evidence obtainable."

It was further said in the same case:

"Where one party to an oil and gas drill-

ing contract becomes involved in difficulties not occasioned by his own fault, the other party may not assume that he will be unable to complete his contract and deprive him of the right to do so and prevent him from recovering for the value of services performed under the terms of the contract."

See, also, Elwood Oil & Gas Co. v. McCoy, 72 Okla. 97, 179 Pac. 2.

The court instructed the jury, in substance, that plaintiff would be entitled to recover only if it be found that the damage or loss was the direct and proximate result of defendant's failure to furnish gas for drilling.

"Where there is competent evidence reasonably tending to support the verdict of the jury, and the instructions of the court to the jury fairly state the law arising upon the issues raised by the pleadings and the evidence, the judgment rendered upon the verdict will not be disturbed by the Supreme Court." Dickinson v. Perry, 75 Okla. 25, 181 Pac. 504; McCoy v. Wosika, 75 Okla. 3, 180 Pac. 967; St. Paul F. & M. Ins. Co. v. Robinson, 72 Okla. 269, 180 Pac. 702; Terrell Co. v. Davis, 77 Okla. 302, 188 Pac. 676.

See, also, Shelby Mills v. Nelms, 115 Okla. 34, 241 Pac. 186; Dimmers v. Regan, 68 Okla. 322, 174 Pac. 743; Midland Valley Ry. Co. v. Rippe, 61 Okla. 314, 161 Pac. 233.

From an examination of the entire record, we think there was competent evidence justifying the submission of the question to the jury, and reasonably supporting their verdict.

The fifth proposition presented by defendant is that the court erred in refusing to give a requested instruction, and erred in giving certain instructions. The refused requested instruction was as follows:

"You are instructed that in the event your verdict should be for the plaintiff in this case, the measure of damages is the difference, if any, between the cost of drilling the well to the contract depth and what the plaintiff would have received for drilling such well to such depth. In this connection you are instructed that in no event can the plaintiff recover a greater amount in damages than he could have gained by the full performance of the alleged contract by both sides."

The proffered instruction limited plaintiff's recovery to the profit, if any, obtainable under a full compliance with the contract. In the case of Baker & Strawn v. Miller & Jones, 109 Okla. 184, 235 Pac. 476, plaintiff sought to recover damages for loss of time, rental value of tools, also for loss of profits from a failure to complete contract to drill oil well. In that case the court held that loss or profits could be sustained for the reason they were too contingent, speculative, and were not clearly ascertainable in their nature and origin, as provided under section 5976, C. O. S. 1921. The plaintiff, in the case at bar, did not seek to recover damages for the unfinished part of the well or any supposed profit therefrom. It was held in the case of Marland Refining Co. v. Dunigan, 104 Okla. 194, 230 Pac. 869, that contractor, plaintiff, could recover for the portion of the well drilled at the contract price per foot where completion of well was prevented by the other party. See, also, Holliday Oil Co. v. Smith, 100 Okla. 172, 228 Pac. 775, supra.

In support of the proffered instruction, defendant calls attention to section 6013, C. O. S. 1921, which section provides that no person can recover a greater amount in damages for the breach of an obligation than he would have gained for the full performance thereof.

In Rucker v. Mason, 61 Okla. 270, 161 Pac. 195, this court quoted the above provision of statute, but in that case the damages arose by reason of failure of a tenant to pay rent under lease contract, and it was there held that the measure of damages was the amount of rent contracted to be paid. In the body of the opinion, the court said:

"The primary purpose of awarding damages is to compensate the party aggrieved, but damages are limited, except in certain cases, to the compensation the injured party could have gained by a full performance of the contract by both parties."

So it will be observed that the statute does not apply in all damage cases arising on contract. In the case of Marland Refining Co. v. Dunigan, supra, it was said:

"The question of damages is as varied as the facts in the particular case, and must be considered and determined in each particular case according to the facts and circumstances of the contract, the breach and the results, and no one rule will fit all cases or all facts of damages in the particular case."

Section 5976, C. O. S. 1921, provides:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

The last above section has frequently been referred to in our decisions in the matter of damages. See Baker & Strawn. v. Miller & Jones Bros., supra; Trustees of Horton's Estate v. Sherwin, 63 Okla. 259, 164 Pac. 469; Terrell Co. v. Davis, 77 Okla. 302, 188 Pac. 676; Stearnes Co. v. Robins, 114 Okla. 157, 245 Pac. 63.

In view of the particular facts in the case at bar, we do not find that the court erred in refusing the requested instruction.

. Defendant complains of three certain instructions, and says: "The court did not instruct the jury as to the statutory measure of damages, as provided under section 5976, C. O. S. 1921, supra." The instructions take considerable space, and we do not deem it necessary to here set them out. The jury was instructed that their verdict must be for the defendant unless they found from a fair preponderance of the evidence that the contract was entered into, specifying the terms of the contract, as alleged in the petition, and under the instructions limited the recovery to the number of feet drilled at the contract price, and for all work necessarily performed in the furtherance of the contract, and for the time necessarily spent in waiting for fuel at the rate provided; and further instructed that if it were found by a preponderance of the evidence that plaintiff lost the tools complained of, and reasonably and necessarily expended the sums of money alleged, and that such loss was the direct and proximate result of defendant's failure to furnish gas for drilling, as contemplated in the alleged verbal contract, the plaintiff would be entitled to recover the reasonable value of the tools lost and money expended. In addition to the general instruction given, the court gave defendant's requested instruction, as follows:

"You are further instructed that, in any event, before you can find for the plaintiff in this action, you must first find that the alleged failure or refusal on the part of defendant to furnish plaintiff a sufficient amount of gas to drill the well was the direct and proximate cause of any damage sustained by plaintiff in connection with the drilling of said well, if any, he sustained."

Considering the instructions as a whole, we are of the opinion that they contain a fair statement of the principles of law involved, and that the defendant was not prejudiced thereby.

We have carefully examined the entire record, and while the evidence was conflicting, we think there is competent evidence reasonably tending to support the verdict of the jury, and that the instructions covered the principles of law involved. We therefore conclude and hold that the judgment of the trial court should be and is hereby affirmed.

Defendant in error in his brief asks that judgment be rendered by this court on the supersedeas bond, a copy of which is included in the case-made in this cause, and in addition to affirming the judgment of the trial court, we hereby render judgment against the plaintiff in error, W. J. Knupp, and against the Indemnity Insurance Company of North America, surety on the supersedeas bond filed in this cause, for the sum of $10,010, with interest thereon at six per cent. per annum from November 2, 1925, and for all costs of this action in the trial court and in this court.

BENNETT, TEEHEE, REID, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.