No. 30,650.

W. L. Meyers, *Appellee*, v. Fredericka Zahn, *Appellant*.

(12 P. 2d 727.)

Opinion filed July 9, 1932.

*J. E. Schroeder* and *Thomas A. Pollock,* both of Kansas City, for the appellant.

*N. J. Wollard* and *E. E. Martin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a driller to recover on a contract to drill a gas well for a landowner. Plaintiff recovered, and defendant appeals.

The bill of particulars on which the case was tried alleged that defendant was indebted to plaintiff on a contract to drill a gas well on described land, and that plaintiff had performed on his side. The bill of particulars set out the contract, and the material portions follow:

"The said second party agrees to drill said well to the depth of 700 feet, unless oil or gas is found in commercial quantities at a lesser depth. The said first party agrees to pay the sum of $1.25 per foot for said drilling, and further agrees to deposit a certified check in the sum of $625 in Exchange State Bank of Kansas City, Kan., and in case the well is drilled to more than 500 feet the said first party agrees to pay the additional money at the rate of $1.25 per foot up to the depth of 700 feet.

"First party agrees to furnish all necessary equipment at the well, such as casing, tubing, packers, and any other material needed to complete said well.

"Second party agrees to run casing and tubing and pull casing, if same can be pulled, without charge to first party. If a commercial oil or gas well is found at a lesser depth than 500 feet the said first party is to pay only for the feet drilled at $1.25 per foot."

The bill of particulars was amended to state that plaintiff performed the contract—

"By drilling a well to the depth of 509 feet, at which time defendant told plaintiff not to drill deeper, and stated she would not pay plaintiff for any further work, and refused to furnish equipment, casing and tubing for the further completion of said well, and directed plaintiff to pull the casing out of said well, which request plaintiff complied with."

Objection was made to the amendment on the ground it changed the nature of the cause of action and constituted a departure. The amendment was properly allowed.

The contract was signed by plaintiff, W. L. Meyers, and by defendant. Meyers was a member of a partnership, and it is contended there was a defect of parties because the other members of the partnership were interested. That did not make them necessary parties to the action.

There was no dispute that plaintiff drilled to the depth of 500 feet. There was a dispute in the pleadings and in the evidence with respect to why the well was not drilled deeper. Plaintiff testified defendant stopped the drilling, and that he acquiesced. Defendant testified she demanded that plaintiff drill to the full depth of 700 feet, but that plaintiff refused to do so. The court told the jury this was the principal question in the case, and it was, because if defendant stopped the drilling, and plaintiff acquiesced, plaintiff was entitled to recover the contract price of $1.25 per foot for the 500 feet he drilled.

The court instructed the jury that if they found for plaintiff they should allow him $625 with interest. This amount was the contract price per foot for the number of feet drilled. Defendant says the instruction was fundamentally wrong. The instruction was correct. (*Marland Refining Co. v. Dunigan*, 104 Okla. 194, and authorities cited in the opinion.)

Other claims of error have been considered and are without merit.

The judgment of the district court is affirmed.