OPINION.
Davis, J.,
delivered the opinion of the court:
The claimants contracted, in July, 1874, in writing, with the Commissioner of Indian Affairs for the delivery of a large quantity of beef at $1.64 per 100 pounds.
In the following March, after the greater part of the beef required by said contract had been delivered, and the portiou then undelivered had been called for, an urgent exigency arose for a further supply. By authority, given by telegraph, from the Commissioner of Indian Affairs, the local agent contracted verbally with the claimant for the delivery of an additional amount of 1,164,645 pounds at $3 per hundred pounds.
The claimant complied with this new contract. This bill was first made out and allowed by the Indian Commissioners *503 at tlie rate named in tlie contract'of July, and the claimant was paid $19,100.18.
He then made a demand for the sum still remaining due under the verbal contract. Th,e Indian Commissioners allowed him this sum in full, viz, $15,839.17, and the court finds as a fact that the amount charged was a fair and reasonable price at that time.
The Secretary of the Interior, however, only allowed a portion of the sum so allowed by the Commissioners, and transmitted the claim for the remainder, amounting to $8,734.84, to this court for judicial examination.
On these facts we should have no doubt of the claimant’s right to recover but for the elaborate defense interposed by the Government.
It is first contended that the Indian agent had no authority to make the purchase. This is met by finding II, that the authority was derived from the Commissioner of Indian Affairs by telegraph.
Next it is said that the contract was void because the annual appropriation had, at the time of the purchase, been covered by other contracts. We held in Shipman’s Case, this term (ante, 138), that when one' contract on its face assumes tob provide for the execution of all the work authorized by an ap-/ propriatiou, the contractor is bound to know the amount of\ the appropriation, and cannot recover’beyond it; but we have) never held that persons contracting with the Government fori partial service under general appropriations are bound to know/; the condition of the appropriation account at the Treasury or i on the contract book of the Department. To do so might block the wheels of the Government. The statutory restraints in this respect apply to the official, but they do not affect the rights in this court of the citizen honestly contracting with the Government. (Bev. Stat., §§ 3679, 3732.)
Next it is said that the contract is void, because not in writing and signed by the parties at the .end thereof. (Bev. Stat., § 3744.) This objection does not apply when the contract has \ been executed, and the contractor sues for the value of the \ goods furnished. (Clark’s Case, 95 U. S. R., 539.)
Next it is said that the contract is void because it was assigned to one Slavens. (Bev. Stat., § 3737.) This might be a good defense if Slavens were suing; but the court is uot will *504 ing to hold that a contract is so vitiated by an attempted assignment that the parties cannot revoke the assignment and recover in the name of the contractor on the original contract after full performance. That would be stretching the provisions of the statute far beyond anything that the Supreme Court Court has yet shown a willingness to sanction.
These and the other objections made by the Government are overruled, and the judgment of the court is that claimant recover of the defendants the sum of $8,734.84.