Nott, J.,
delivered tbe opinion of tbe court:
Tbe contract upon wbicb tbis action is brought required the claimant to dredge and remove 100,000 cubic yards of material from and to places to be specifically designated by tbe engineer in charge of tbe work, within a period of substantially one year. At tbe end of ten months be bad removed 35,494 yards. During these ten months be bad been hindered and delayed by tbe defendants to tbe extent of about seven days. There is an hiatus in tbe evidence concerning a period of three months, from tbe 1st March to tbe 1st June, when the contractor might have worked, but did not, wbicb leaves it doubtful whether tbe cessation was for bis convenience or tbe defendants’.
But it appears that the work stopped on tbe 27th December, 1879, in pursuance of an order from tbe engineer in charge, and that it began again on tbe 1st June, 1880, in pursuance of another order from tbe same authority; and, inasmuch as tbe work could not go on until tbe engineer should designate a time as well as place, it must be inferred that tbe condition of things wbicb tbe order of suspension caused in December continued until tbe order to again begin work was issued in May; and that this condition of things, brought about by tbe defendants, was continued for their convenience and certainly with their assent. If tbe contractor bad wished to commence work at an earlier day be would have been bound, probably, to give notice and demand that tbe time and place be designated; but his acquiescence in tbe action of tbe other contracting party waived no other right and certainly did not work a practical forfeiture of tbe stipulated time wherein he might carry on and complete bis work.
The contractor therefore was entitled on tbe 2d July, when he was ordered to stop work, to a period of about five months within which to remove the remaining 64,506 feet of material. He was then proceeding at the rate of about 11,000 cubic yards a month. In other words, it was not impossible or improbable that he would have completed the work within a period equivalent to that assured to him by the contract if he had been permitted to do so.
The action is brought to recover the profits which he would have made upon the unperformed portion of the work if he *546 bad been allowed to complete it; and tbe Chief defense is that bis recovery must be restricted to tbe two months that remained of tbe twelve prescribed by bis contract. But tbe facts above stated demonstrate that be was entitled to five months and that five months constituted a sufficient period for bim to accomplish all that be bad undertaken to do. It is therefore thought by tbe court that bis profits can not be restricted to two-fifths of tbe unfinished work and that tbe defendants are bable for all tbe profits which he might have made.
Tbe reason why the work was stopped was that tbe appropriation under which it was prosecuted had been exhausted. The reason justified the officer in charge, but does not justify tbe defendants in not providing funds for carrying out and discharging tlieir legal obligations. A contractor who is one of several jmrsons to be paid out of an appropriation is not chargeable with knowledge of its administration, nor can his legal rights be affected or impaired by its maladministration or by its diversion, whether legal or illegal, to other objects. An appropriation per se merely imposes limitations upon the Government’s own agents; it is a definite amount of money intrusted to them for distribution; but its insufficiency does not pay the Government’s debts, nor cancel its obligations, nor defeat the rights of other parties. (Dougherty's Case, 18 C. Cls. R., 496.)
The contract now before the court contains the usual clause of contracts relating to public works, viz, that if the contractor u shall fail, in the judgment of the engineer, in charge, to prosecute faithfully and diligently the work in accordance with the specifications and requirements of the contract,” the engineer shall have power to annul the contract. It also contains another clause, likewise usually found in such contracts, that, if the contractor shall be prevented, with no fault of his own, from completing his work at the time agreed upon in the contract, “such additional time may be allowed him as in the judgment” of the engineer “ shall be just and reasonable.”
It appears that there were natural causes which retarded the work (the tides, the wind, the ice) and that it was performed to the satisfaction of the engineer in charge, who apparently made no complaint of the contractor’s delay and certainly paid him in full for that which was performed. This *547 being tbe condition of affairs wben tbe work was stopped, it mnst be inferred tbat if it bad not been stopped it would bave been prosecuted in a satisfactory manner and tbat tbe time of tbe contractor would bave been extended by tbe engineer in charge. In sucb a case a contractor can not be deemed in fault; be is entitled to atbe gains prevented,” wbicb constitute tbe measure of damages in sucb cases.
Tbe judgment of tbe court is tbat tbe claimant recover from tbe defendants tbe sum of $6,510.