SAN FRANCISCO BRIDGE CO. v. UNITED STATES.

(District Court, N. D. California, Second Division. October 9, 1913.)

No. 15,574.

1. UNITED STATES (§ 70*)—CONTRACTS—PERFORMANCE—AVAILABLE FUNDS—DUTY OF CONTRACTOR.

Where plaintiff, having a contract with the government for harbor excavation at a specified rate per cubic yard, was notified by government officers that there were only funds enough available to pay for 60,000 cubic yards, plaintiff was bound to heed the fact, and could not bind the government by a larger excavation, but was equally entitled to excavate to the full extent specified under the directions of the government inspector and to pay for such amount.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 53; Dec. Dig. § 70.*]

2. UNITED STATES (§ 74*)—HARBOR EXCAVATION—NATURE AND CHARACTER—GOVERNMENT'S LIABILITY.

Where plaintiff was directed by government inspectors to make harbor excavations at specified places under contract with the government to make excavations in the harbor at a specified rate per cubic yard, it was

no defense to the government's liability that an excavation made at a certain point was not within the contract, because the fill which rendered the work necessary was not a natural one, but was occasioned through the negligence of the city.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 57; Dec. Dig. § 74.*]

At Law. Action by the San Francisco Bridge Company against the United States on a contract for harbor excavation. Judgment for plaintiff for part of the relief demanded.

Corbet & Selby, of San Francisco, Cal., for plaintiff.

Thomas H. Selvage, Asst. U. S. Atty., of San Francisco, Cal.

DOOLING, District Judge. Under plaintiff's contract with the government it was to receive 18.8 cents per cubic yard for excavating in Oakland harbor. On July 2, 1910, it was notified by letter that the available funds under the appropriation would permit only the excavation of 60,000 cubic yards in addition to what had already been excavated, and that the inspector in charge would give instructions as to where "it was desired to apply the work so as to obtain the best results with the funds expended." The inspector directed certain excavations which amounted to 35,000 cubic yards in section D, 6,660 cubic yards near the Alaska Packing Company's dock, and 35,000 cubic yards at the foot of Fallon street. The plaintiff was paid for 41,660 cubic yards, being the excavating done in section D and near the dock, leaving the 35,000 cubic yards at the foot of Fallon street unpaid for; this being the amount in suit.

[1] It is true that plaintiff could not knowingly overrun the appropriation and bind the government. But it is equally true that it was entitled to rely upon the statements of the officers in charge, who kept the accounts and should know the amount still available to be applied to the work on hand. When they informed plaintiff that there were funds enough to pay for only 60,000 cubic yards, it was incumbent on plaintiff to heed that fact, and if it excavated more than that quantity it did so at its own risk, and could not by so doing bind the government. But it was equally entitled to excavate to the full extent of 60,000 cubic yards under the direction of the inspector, and is entitled to pay for that amount.

Plaintiff insists that, as the government officers were making the measurements, it relied upon them, and that if it overran the amount of available funds it was not its own fault, but the fault of such officers. Such claim, however, cannot avail. It had the means of knowing, and was bound to know, the amount of work done by it, and must be held responsible for what it could and should have known.

[2] The government contends that the work done at the foot of Fallon street was extra work, not provided for in the contract, and that as the fill which rendered that work necessary was not a natural one, but was occasioned through the negligence of the city of Oakland, plaintiff should look to the city for its pay. But plaintiff had no connection, either proximate or remote, with the city of Oakland, and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

work done and which is in dispute comes fairly within the terms of the contract, was done at the instance of the inspector in charge, and must be paid for to the full extent of the 60,000 cubic yards that the plaintiff was advised before such work was commenced could be paid for out of the available funds.

For the excavation of 41,660 cubic yards plaintiff has been paid, leaving 18,340 cubic yards, at 18.8 cents, or $3,447.92, still due. For this amount judgment will be entered. The question of costs will be reserved.