NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**JESSE RICHARDSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

—————————

2022-2068

—————————

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00086-CNL, Judge Carolyn N. Lerner.

—————————

Decided:  March 21, 2024

—————————

JONATHAN W. CRISP, Crisp and Associates, LLC, Harrisburg, PA, for plaintiff-appellant.[1]

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by

———

[1]  Crisp's motion to withdraw as counsel was granted on March 1, 2024, after briefing but prior to the case being submitted on the briefs. ECF No. 53.

BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA
M. MCCARTHY.

———————————

Before MOORE, *Chief Judge*, LOURIE and DYK, *Circuit Judges*.

PER CURIAM.

Jesse Richardson appeals from a decision of the United States Court of Federal Claims ("the Claims Court") that dismissed his claim for reinstatement to the U.S. Army ("the Army") and for back pay after finding that his retirement was voluntary. *Richardson v. United States*, No. 20-86C, 2022 WL 1744501 (Fed. Cl. May 31, 2022) ("*Decision*"). He also appeals from the dismissal of his claims for correction of his military records for a lack of subject matter jurisdiction. *Id.* For the following reasons, we *affirm*.

## BACKGROUND

Richardson was appointed to the rank of Warrant Officer ("WO") on December 4, 2014. *Decision* at *1. In January 2015, the U.S. Army Criminal Investigation Division ("the CID") began investigating allegations that Richardson had sexually assaulted a civilian Army employee. *Id.* The investigation led to his name being entered into the title block of an investigation report and subsequently into a database, an action referred to as "titling." *Id.* Based on the results of the investigation, he received a general officer memorandum of reprimand ("GOMOR") and a negative officer evaluation report ("OER"). *Id.*

In August 2016, Richardson's automatic promotion to Chief Warrant Officer 2 ("CW2") was delayed and referred to a promotion review board ("PRB"). *Id.* at *2. The PRB convened and submitted a recommendation to the Acting Secretary of the Army. *Id.* The Acting Secretary removed Richardson from the promotion list, and, per Army regulations, a WO who is not selected for promotion to CW2 must

be separated from the Army. *Id.*; Army Reg. 600-8-24 ¶ 5-11(a) (2011). On March 20, 2017, he received his notice of separation and was presented with four options: (1) request appointment in the Army Reserve following involuntary separation; (2) end his affiliation with the Army entirely after involuntary separation; (3) resign and request enlistment in the active-duty Army; or (4) request early retirement. *Decision* at *2.

On April 4, 2017, Richardson acknowledged receipt of the separation notice and on the next day opted to apply for early retirement. *Id.* at *3. On his retirement application, he stated that he understood that, if granted, his retirement "may not be withdrawn except for extreme compassionate reasons or for the definitely established convenience of the Government." *Id.* On September 19, 2017, his early retirement request was granted with an effective date of November 30, 2017. *Id.*

Approximately seven weeks after requesting early retirement, on May 22, 2017, Richardson filed a petition with the Army Board for the Correction of Military Records ("the ABCMR") requesting removal of the GOMOR, adverse OER, and titling information from his records, his retention in the Army, and his return to the CW2 promotion list. *Id.*; J.A.[2] 1164–72. On November 16, 2017, the ABCMR unanimously recommended granting the requested relief except for the removal of the titling, instead recommending that the CID consider the new information submitted by Richardson and change his investigation report to "unfounded" if warranted. *Decision* at *3; J.A. 1038–39. On June 21, 2018, nearly seven months after Richardson's retirement, the Acting Assistant Secretary of the Army (Manpower and Reserve Affairs) ("the Assistant Secretary") rejected the ABCMR's recommendation and denied

---

[2]    J.A. refers to the Joint Appendix.

Richardson's requests under 10 U.S.C. § 1552. *Decision* at *3; J.A. 1036.

On January 27, 2020, Richardson filed his complaint in the Claims Court under the Military Pay Act, 37 U.S.C. § 204. *Decision* at *4. He requested reinstatement to the Army at the rank of CW2 with back pay and benefits, removal of the GOMOR, adverse OER, and titling records, and amendments of the CID investigation record to "unfounded." *Id.*; J.A. 1026–27. The case was voluntarily remanded to the Assistant Secretary to issue a new decision, which again rejected the ABCMR's recommendation and denied Richardson's requests. *Decision* at *4; J.A. 1030–33.

Following remand, the parties filed dispositive cross-motions. *Decision* at *4. The Claims Court dismissed Richardson's claim for reinstatement and promotion with back pay for failure to state a claim because he failed to sufficiently allege that his retirement was involuntary. *Id.* at *11. Specifically, the Claims Court held that Richardson failed to allege facts that would satisfy any of the elements of the test for involuntariness under *Carmichael v. United States*, 298 F.3d 1367 (Fed. Cir. 2002). *Id.* at *7–11. The Claims Court also dismissed his equitable requests for correction of his military records for a lack of subject matter jurisdiction. *Id.* at *5–6. Richardson timely appealed and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a grant of a motion to dismiss for failure to state a claim *de novo*. *Prairie Cty., Mont. v. United States*, 782 F.3d 685, 688 (Fed. Cir. 2015). We take "all factual allegations in the complaint as true and construe the facts in the light most favorable to the non-moving party." *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017). Granting a motion to dismiss for failure to state a claim "is appropriate when the facts asserted by the claimant do not

entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

Richardson's claim for reinstatement and promotion with back pay is predicated on his allegedly wrongful retirement. To state a claim for relief under the Military Pay Act, he must establish that his retirement was involuntary. *See Metz v. United States*, 466 F.3d 991, 1000 (Fed. Cir. 2006) (holding that voluntariness is part of the merits of a case under the Military Pay Act rather than a jurisdictional concern). Retirement is generally presumed voluntary; however, Richardson may rebut that presumption if he can "demonstrate that: (1) he involuntarily accepted the terms of the government; (2) circumstances permitted no other alternative; and (3) said circumstances were the result of the government's coercive acts." *Carmichael*, 298 F.3d at 1372. Richardson must allege facts establishing all three elements to rebut the presumption of voluntariness.

We begin and end with the third element for rebutting the presumption of voluntariness. Richardson argues that he sufficiently alleged the third element of the *Carmichael* test because the Assistant Secretary's decision to reject the unanimous recommendation of the ABCMR was a coercive act. He argues that a plaintiff may demonstrate that government conduct was coercive by establishing that it was "wrongful." App. Br. at 33 (citing *Roskos v. United States*, 549 F.2d 1386, 1389–90 (Ct. Cl. 1977)). He goes on to argue that the Assistant Secretary's decision to reject the recommendation of the ABCMR violated Army Regulation 15-185, ¶ 2-13, which makes decisions "unanimously agreed to by the ABCMR panel" final. App. Br. at 34. According to Richardson, because the Assistant Secretary's action allegedly violated an Army regulation, it was wrongful and therefore a coercive act under *Carmichael*. *Id.*

Richardson's reliance on the "wrongful" language from *Roskos* is taken out of context. In *Roskos*, the Court of

Claims stated that "[a]n action is not voluntary if *it is produced by government conduct* which is wrongful." *Roskos*, 549 F.2d at 1389–90. It is insufficient for the government conduct merely to be wrongful; the plaintiff's actions, *i.e.*, his retirement, must be the product of that government action. *See id.* (finding that the earlier unauthorized reassignment of Roskos directly caused his later retirement).

Richardson does not plead any facts, even taken as true that would satisfy this element because his retirement could not plausibly have been the product of the Assistant Secretary's decision. The facts alleged show the Assistant Secretary's decision occurred long after Richardson's decision to retire. He applied for early retirement on April 5, 2017, which was granted effective on November 30, 2017. *Decision* at *4. He did not petition the ABCMR until May 22, 2017, approximately seven weeks after he applied for earlier retirement. *Id.* The Assistant Secretary's first decision that reviewed and rejected the recommendations of the ABCMR did not occur until June 21, 2018, J.A. 1036, and the remand decision did not occur until August 25, 2020, J.A. 1030. Richardson has therefore failed to allege facts that could establish the third element of the *Carmichael* test, that the circumstances of his retirement were the result of the government's coercive acts. *See Carmichael*, 298 F.3d at 1372. That is true regardless whether or not the Assistant Secretary violated Army Regulation 15-185, ¶ 2-13 by rejecting a unanimous recommendation of ABCMR. We note that as early as 1975, our predecessor court recognized that "[t]his court has repeatedly upheld the voluntariness of resignations where they were submitted to avoid threatened termination for cause." *Christie v. United States*, 518 F.2d 584, 588 (Ct. Cl. 1975).

Because Richardson must allege facts that could plausibly establish each element of the *Carmichael* test, we need not address his arguments for the other two elements. The Claims Court therefore correctly determined that his

retirement was voluntary and dismissed his claims under the Military Pay Act for failure to state a claim.

We next will address the Claims Court's dismissal of his remaining claims for a lack of subject matter jurisdiction. We review grant of a motion to dismiss for a lack of subject-matter jurisdiction *de novo* and accept well-pleaded factual allegations as true. *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020). The plaintiff has the burden to establish subject-matter jurisdiction by a preponderance of the evidence. *Id.* at 1337.

The Tucker Act grants the Claims Court jurisdiction over claims for the correction of military records only if they are "incident of and collateral to" an award of money damages. 28 U.S.C. § 1491(a)(2); *Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988). If there is no reason to consider the requests for equitable relief when deciding the claim for money damages, the Claims Court lacks subject matter jurisdiction over those requests. *Voge,* 844 F.2d at 781.

To have subject matter jurisdiction over Richardson's claims for correction of his military records, they must be necessary for the court to consider to resolve his claim for money damages under the Military Pay Act. He argues that the Claims Court has jurisdiction over those requests because there is a nexus between those requests and his claim for back pay. App. Br. at 29. According to Richardson, the titling action started a chain of events that led to the GOMOR, the adverse OER, and the eventual denial of his promotion and resulting separation. *Id.* However, he does not allege that the titling action and subsequent derogatory administrative filings automatically triggered his non-promotion and subsequent separation, and the merits of a decision to promote members of the military is not subject to judicial review. *Lindsay*, 295 F.3d at 1257. Furthermore, as discussed above, it was unnecessary to consider his requests for correction of his military record to resolve

his back pay claim stemming from his allegedly wrongful retirement because his retirement was voluntary. Those requests therefore have no bearing on the government's obligation to pay damages for his claim under the Military Pay Act. *See Voge*, 844 F.2d at 781 (determining that "review of [plaintiff's] service records cannot be justified as 'incident of and collateral to'" an award of money damages when it is unnecessary to consider them to resolve the monetary claim). The Claims Court therefore properly dismissed his requests for correction of his military records for a lack of subject matter jurisdiction.

## CONCLUSION

We have considered Richardson's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.