NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN DOUGLAS BURKE,**
*Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Appellee*

---

2024-1019

---

Appeal from the Civilian Board of Contract Appeals in No. 7492, Administrative Judge Erica S. Beardsley, Administrative Judge Harold D. Lester, Jr, Administrative Judge Kathleen J. O'Rourke.

---

Decided: October 25, 2024

---

JOHN DOUGLAS BURKE, Rockville, MD, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

John Douglas Burke appeals the Civilian Board of Contract Appeals' (Board) grant of the Department of Health and Human Services (HHS) National Institutes of Health's (NIH) motion to dismiss for failure to state a claim. For the reasons set forth below, we *affirm*.

## BACKGROUND

Around September 2014, Mr. Burke began working with NIH under a series of purchase orders. S. Appx. 53.[1] All purchase orders were written on a two-page Optional Form 347 (OF-137) that identified Mr. Burke as the contractor and the National Human Genome Research Institute (NHGRI) as the administrative office. S. Appx. 2–3. Mr. Burke alleged that, after the first purchase order expired, NIH issued a series of follow-on purchase orders, the last of which expired on September 30, 2021. S. Appx. 53–54; *see also* S. Appx. 44–45.

On June 6, 2022, Mr. Burke submitted a certified claim to the NIH contracting officer for $414,493, seeking the difference between his actual pay and what he believes he should have been paid from 2018 through 2021. S. Appx. 35–38. Mr. Burke argued he actually worked as a personal services contractor, and thus should have been paid like a federal employee rather than an independent contractor. *Id.* at 35–36. He also argued the provisions in his purchase orders were "so minimal . . . as to render the contracts void or voidable" and, without an enforceable express contract, he should be allowed to recover the pay difference under an

---

[1]    "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

implied-in-fact contract to preclude unjust enrichment by NIH.  S. Appx. 7 (quoting S. Appx. 37).

The NIH contracting officer denied Mr. Burke's claim and Mr. Burke appealed to the Board.  S. Appx. 39–41.  NIH moved to dismiss the appeal for failure to state a claim.  The Board granted NIH's motion to dismiss because Mr. Burke did not plausibly allege his purchase orders were personal services contracts.  S. Appx. 1–19.  The Board denied reconsideration, concluding that Mr. Burke merely repeated arguments the Board had rejected.  S. Appx. 20–24.  Mr. Burke appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10) and 41 U.S.C. § 7107(a)(1)(A).

## DISCUSSION

We review the grant of a motion to dismiss for failure to state a claim de novo.  *Prairie Cnty. v. United States*, 782 F.3d 685, 688 (Fed. Cir. 2015).  "We take all factual allegations in the complaint as true and construe the facts in the light most favorable to the non-moving party." *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017).  A complaint must be dismissed when it fails to state a "claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* 48 C.F.R. § 6101.8(e).

Federal Acquisition Regulation (FAR) provides that "[a] personal services contract is characterized by the employer-employee relationship it creates between the Government and the contractor's personnel." 48 C.F.R. § 37.104(a).  "An employer-employee relationship under a service contract occurs when, as a result of (i) the contract's terms or (ii) the manner of its administration during performance, contractor personnel are subject to the relatively continuous supervision and control of a Government officer or employee." 48 C.F.R. § 37.104(c)(1).  In other words, "the principal ground on which a contract

will be found to be a personal services contract . . . is the degree of supervision to which the contracting employees were subject under the contract." *Seh Ahn Lee v. United States*, 895 F.3d 1363, 1371 (Fed. Cir. 2018) (citing FAR 37.104(c)(2)).

We see no error in the Board's decision that Mr. Burke failed to plausibly allege the purchase orders were personal services contracts. S. Appx. 13–16. As the Board explained, the purchase orders did not subject Mr. Burke to the level of "direct government supervision" *Lee* indicated would be necessary to render them personal services contracts. S. Appx. 14 (quoting *Lee*, 895 F.3d at 1371). Purchase orders for the 2018 to 2021 timeframe, for which Mr. Burke seeks damages, reference a Federal Procurement Data System Product/Service Code "R408," which only applies to "Situations Where The Contractor Is Solely Responsible for Program Management As Well As Situations Where The Contract Provides Program Management Support to A Government Program Manager." *Id.* Although Mr. Burke alleged his work conditions support his characterization of the purchase orders as personal services contracts, his allegations—that he worked at the NIH site, his address was identified in research publications as the NHGRI campus, his tools and equipment were furnished by the government, his services were integral to NHGRI's efforts to develop a gene therapy, he attended meetings with NHGRI employees to report on his work, and he was fully integrated into and worked with NHGRI staff—do not indicate direct government supervision of his work. S. Appx. 15.

On appeal, Mr. Burke makes four arguments. Appellant's Informal Br. at 1–5. First, Mr. Burke argues the Board incorrectly "focused its analysis on the supervision issue" and largely ignored other requirements for classification as a personal services contractor. *Id.* at 4. The Board did not err by focusing on the supervision issue. *Lee* teaches the most important factor in determining

whether purchase orders are personal services contracts is the degree of supervision which Mr. Burke was subject to under the purchase orders. 895 F.3d at 1371. Thus, the Board correctly focused its analysis on whether Mr. Burke plausibly alleged he was subject to direct and relatively continuous government supervision under the terms of his purchase orders. S. Appx. 13–14.[2]

Second, Mr. Burke makes several arguments that the Statement of Work (SOW) shows he was subject to supervision by NHGRI staff. Appellant's Informal Br. at 4–5 (citing S. Appx. 85). The Board did not consider the SOW when adjudicating the motion to dismiss because the SOW was neither attached to the complaint nor incorporated into the purchase orders. S. Appx. 10.[3] To the extent NIH wanted the SOW to be incorporated into the purchase

---

[2]   Mr. Burke also makes a conclusory allegation that the Board "largely ignore[ed] the other elements of the economic realities test and requirements for classification as a personal services contractor." Appellant's Informal Br. at 4. He does not identify which "other elements" and "requirements" were argued to the Board and not considered. Moreover, he does not explain how any such elements or requirements could "convert a contract into one for personal services *absent* a clear contractual requirement for direct government supervision." S. Appx. 15 (citing *Lee*, 895 F.3d at 1371–72) (emphasis in original).

[3]   The parties only agreed the OF-137s were part of the purchase order. S. Appx. 10. The Board recognized it could not resolve what documents, beyond the OF-137s, were part of the purchase orders without looking to additional evidence, which it could not do when considering a motion to dismiss for failure to state a claim. *Id.* Thus, the Board properly considered only Mr. Burke's allegations and the OF-137s when adjudicating the motion.

orders and considered by the Board, Mr. Burke specifically argued to the Board that the SOW should not be "incorporated with or into the purchase orders" because he had not even seen the SOW or any of the other documents provided as exhibits by the government. S. Appx. 69; *see also* S. Appx. 10. Under these circumstances, the Board did not err in failing to consider the SOW.

Third, Mr. Burke argues the Board overlooked the issue of whether NIH was authorized to issue personal services contracts. Appellant's Informal Br. at 5. The Board actually agreed "NIH cites no statute that would have allowed it to award a personal services contract to Mr. Burke." S. Appx. 13. The Board, however, found the purchase orders were not illegal personal services contracts because Mr. Burke was not subject to direct government supervision. *Id.* at 13–16.

Fourth, Mr. Burke challenges the Board's consideration of the absence of FAR clauses in his purchase orders, arguing they are "facially illegal and therefore invalid" for not incorporating any FAR clauses. Appellant's Informal Br. at 5. Although the Board noted "it is odd that his purchase orders identify no FAR clauses," S. Appx. 17, the purchase orders were not too indefinite to enforce because such invalidation is disfavored when performance has been completed and mandatory FAR clauses could be read into the contracts. *Lee*, 895 F.3d at 1372 ("invalidation of a contract after it has been fully performed is not favored"); *G. L. Christian & Assocs. v. United States*, 320 F.2d 345, 350 (Ct. Cl. 1963) ("if a statute requires the inclusion of a termination clause, such a provision would be read into the agreement, whether the negotiators put it there or not").

Mr. Burke also raises several arguments for the first time on appeal. For example, he argues the purchase orders do not mention FAR 13.104, which mandates competition when awarding contracts. Appellant's

Informal Br. at 5. He also argues the Board overlooked the lack of competition in awarding his purchase orders. *Id.* But he did not make either argument before the Board. *See* S. Appx. 54. We decline to consider arguments not raised before the Board. *Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989).

## CONCLUSION

We have considered Mr. Burke's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the Board's grant of the motion to dismiss for failure to state a claim.

### **AFFIRMED**

## COSTS

No costs.